UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS



| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL NO. 18cr 10171 |
| v. | VIOLATIONS: |
| 1.   TAM V. NGUYEN, | 18 U.S.C. § 894(a) - Conspiracy to Collect Extensions of Credit by Extortionate Means |
| Defendant. | 18 U.S.C. § 1955 - Illegal Gambling Business |
| | 18 U.S.C. §§ 981(a)(1)(C) & 1955(d) & 28 U.S.C. § 2461(c) - Criminal Forfeiture Allegations |

## INDICTMENT

**COUNT ONE:** (18 U.S.C. § 894(a) – Conspiracy To Collect Extensions of Credit by Extortionate Means)

The Grand Jury charges that:

From a date unknown to the Grand Jury, but from at least in or about April 2017, and continuing thereafter until August 22, 2017, in Dorchester, in the District of Massachusetts, and elsewhere, the defendant,

1.   **TAM V. NGUYEN,**

conspired with others known and unknown to the Grand Jury, to knowingly participate in the use of extortionate means within the meaning of Title 18, United States Code, Section 891(7), to collect and attempt to collect extensions of credit and to punish a person, Victim #2, whose identity is known to the Grand Jury, for the nonpayment thereof.

All in violation of Title 18, United States Code, Section 894(a).

**COUNT TWO:** (18 U.S.C. § 1955 - Illegal Gambling Business)

The Grand Jury further charges that:

From a date unknown to the Grand Jury, but from at least in or about September 2016, and continuing thereafter until at least August 22, 2017, in the District of Massachusetts, the defendant,

1. **TAM V. NGUYEN,**

and others known and unknown to the Grand Jury, conducted, financed, managed, supervised, directed, and owned all and part of an illegal gambling business, to wit, a gambling business involving sports betting, which was in violation of the laws of the Commonwealth of Massachusetts (Chapter 271, Sections 16A, 17, and 17A of the General Laws of the Commonwealth of Massachusetts), and which involved five or more persons who conducted, financed, managed, supervised, directed, and owned all and part of such business, and which was in substantially continuous operation for a period in excess of thirty days and had a gross revenue of $2,000 in any single day.

All in violation of Title 18, United States Code, Section 1955.

## CRIMINAL FORFEITURE ALLEGATIONS
### (18 U.S.C. §§ 1955(d), 981(a)(1)(C) and 28 U.S.C. § 2461(c))

The Grand Jury further finds:

1. Upon conviction of the offense in violation of Title 18, United States Code, Section 894(a), set forth in Count One of this Indictment,

### 1. TAM V. NGUYEN,

defendant herein, shall forfeit to the United States, pursuant to 18 U.S.C. § 981(a)(1)(C), and 28 U.S.C. § 2461(c), any property, real or personal, which constitutes or is derived from proceeds traceable to the commission of the offenses. The property to be forfeited includes, but is not limited to, the following:

   a. a money judgment equal to the total amount of proceeds the Defendant obtained as a result of the offense.

2. Upon conviction of the offense in violation of 18, United States Code, Section 1955, set forth in Count Two of this Indictment,

### 1. TAM V. NGUYEN,

defendant herein, shall forfeit to the United States, pursuant to 18 U.S.C. §§ 981(a)(1)(C), 1955(d), and 28 U.S.C. § 2461(c), any property, including money, used in the offense in violation of 18 U.S.C. § 1955(a); and any property, real or personal, which constitutes or is derived from proceeds traceable to the commission of the offense. The property to be forfeited includes, but is not limited to, the following:

   a. a money judgment equal to the total amount of proceeds the Defendant obtained as a result of the offenses.

3. If any of the property described in Paragraphs 1 and 2, above, as being forfeitable pursuant to Title 18, United States Code, Section 981(a)(1)(C), and Title 28, United States Code,

Section 2461(c), as a result of any act or omission of the defendant:

   a. cannot be located upon the exercise of due diligence;

   b. has been transferred or sold to, or deposited with, a third party;

   c. has been placed beyond the jurisdiction of the Court;

   d. has been substantially diminished in value; or

   e. has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to 21 U.S.C. § 853(p), incorporated by 28 U.S.C. § 2461(c), to seek forfeiture of any other property of the defendant up to the value of the property described in Paragraphs 1 and 2 above.

All pursuant to Title 18, United States Code, Sections 981(a)(1)(C), and 1955(d), and Title 28, United States Code, Section 2461(c).

4

**A TRUE BILL**

_____
FOREPERSON OF THE GRAND JURY

_____
TIMOTHY E. MORAN
ASSISTANT U.S. ATTORNEY

DISTRICT OF MASSACHUSETTS; June 6, 2018.

Returned into the District Court by the Grand Jurors and filed.

_____
DEPUTY CLERK
@ 10:45 AM
6.6.18